FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 10 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JAHI HASANATI,

        Plaintiff,

-against-

UNITED STATES ATTORNEY GENERAL,

        Defendant.
---------------------------------------------------------------x

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM AND ORDER
10-CV-4911 (ARR)

ROSS, United States District Judge:

By order dated November 3, 2010, the court granted plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and directed plaintiff to file an amended complaint within thirty (30) days. (Dkt. No. 4). At the time of filing, plaintiff was incarcerated at Otis Bantum Correctional Center ("OBCC") at Rikers Island, but by letter dated November 19, 2010, plaintiff informed the court that he had been transferred to the County of Miami Dade: Metro West Detention Center in Miami, Florida. (Dkt. No. 5). Therefore, by order dated December 28, 2010, the court directed the Clerk of Court to resend the court's prior orders to plaintiff at his current address. (Dkt. No. 6). By letter motion dated January 19, 2011, plaintiff sought a thirty day extension of time to file an amended complaint. (Dkt. No. 8). By Order dated February 15, 2011, the court granted plaintiff an additional thirty (30) days to file an amended complaint. (Dkt. No. 9). On March 21, 2011, the court received plaintiff's amended complaint, which is dated March 7, 2011. (Dkt. No. 10). For the reasons discussed below, the court dismisses this action.

## STANDARD OF REVIEW

In reviewing plaintiff's amended complaint, the court is mindful that because plaintiff is proceeding pro se, his submission should be held "to less stringent standards than formal pleadings

drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197, 200-01 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

## DISCUSSION

In the instant amended complaint, plaintiff refers to his prior 2005 criminal action in this court, in which plaintiff was indicted on charges that he filed false and fraudulent claims to the Internal Revenue Service. See United States v. Hasanati, 05-CR-209 (SJ). On January 25, 2008, plaintiff was sentenced on seventeen counts to time served, three years of supervised release, and was ordered to pay restitution and monetary penalties. See id., Dkt. No. 105. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 5.1(a) and 28 U.S.C. § 2403 alleging that the federal statute under which he was indicted, 18 U.S.C. § 287, is unconstitutional. Amend. Compl. at 1. Plaintiff also argues that Federal Rule of Criminal Procedure 32.1, which pertains to the revocation or modification of supervised release or probation is likewise unconstitutional. Id. Plaintiff states

> [t]here is no evidence in the United States Constitution that the statutes are authorized to operate on Jahi as a human-being. There is no evidence in the United States Constitution that the statute can be construed to include the IRS as an agency of the United States. The statutes do not include, mention or refer to the name of a natural human-being Jahi Hasanati or any derivative thereof. The statute(s) are beyond the three crimes enumerated in the United States Constitution. The statute(s) seek to punish for monetary value absent the intrinsic value of gold or silver.

Amend. Compl. at 3-4, ¶¶ a-e. Plaintiff seeks declaratory relief. Amend. Comp. at 5.

A complaint is frivolous when, among other things, it "is based on an indisputably meritless legal theory," i.e., it "lacks an arguable basis in law." Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999) (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)). The court has reviewed plaintiff's amended complaint and finds that plaintiff's allegations lack an arguable basis in law. His theory that these statutes are unconstitutional because, inter alia, the United States Constitution does not specifically refer to plaintiff by name, and therefore the laws don't apply to him, is indisputably meritless.

## CONCLUSION

Accordingly, the complaint is dismissed as frivolous. 28 U.S.C. §1915A(b). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/
_____
ALLYNE R. ROSS
United States District Judge

Dated: May 2, 2011
      Brooklyn, New York

3